SANTINI FERTILIZER Co., Plaintiff and Appellee, v. ALBERT E. LEE & SON ET AL., Defendants and Appellants.

No. 6599.   Argued March 5, 1934.—Decided March 9, 1934.

*Carlos J. Torres* for appellants.   *R. Buscaglia* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken by the defendant herein because in a memorandum of costs presented by the plaintiff the lower court approved an item of $500 for attorney's fees. We are requested to dismiss the appeal as frivolous.

The complaint alleges a single cause of action, although it contains several prayers for relief. The judgment sustained the complaint but refused a part of the relief sought, without special pronouncement of costs. The plaintiff appealed for failure to grant said relief and the costs. The judgment of this court affirmed that of the court below, except as to the costs, which were imposed on the defendant. When in due time the plaintiff presented its memorandum of costs an item of $1,500 was included for attorney's fees, which item the lower court reduced to $500.

The errors assigned for the present appeal are as follows:

"*First*.—The lower court erred in construing the pronouncement of costs entered by the Hon. Supreme Court, in the sense that the same included all the costs caused in the suit and in not limiting the award to those arising from the first cause of action, to wit, annulment of the foreclosure proceeding.

"*Second*.—The lower court erred, furthermore, in making no distinction, as requested by the defendant and appellant, between the costs caused by the first cause of action and those to which the second cause of action, decided in favor of the defendant and appellant, gave rise.

"*Third*.—The lower court erred in including in. its taxation of costs attorney's fees, when it was not shown that said fees had been paid by Santini Fertilizer Co., or that it promised to pay or assign to its attorney those allowed as reasonable, nor was there any showing as to the amount agreed and really paid for that purpose to its attorney by said plaintiff and appellee.

"*Fourth*.—The trial court also erred in not taking into consideration in taxing the attorney's fees the amount in controversy and the small degree of obstinacy of the party mulcted in costs.

"*Fifth*.—Lastly, the lower court erred in not considering the high degree of obstinacy of the Santini Fertilizer Co. and the manner in which the causes of action were joined in the complaint."

We think that the grounds on which this appeal is based are frivolous for the complaint does not state two separate causes of action, and although the lower court and this Supreme Court did not grant a part of the relief prayed for,

nevertheless we adjudged the defendant to pay the costs; hence the court below did not misinterpret our judgment in considering that the defendant should pay all the costs to which the suit had given rise.

The second error assigned, being dependent upon the first, must fall without basis.

The third is also groundless, because in order to recover attorney's fees as part of the costs, the plaintiff did not have to show that it had paid or promised to pay them, or that it had assigned to its attorney any amount which might be allowed for that purpose.

The fourth and fifth assignments are also untenable, because the reduction to one-third of the amount prayed for as attorney's fees shows that the court below took into consideration the circumstances of the suit in determining the amount to be paid as such fees.

The appeal will be dismissed.